UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 18-cv-11997

| | |
|---|---|
| **JACKELINE BARBOSA AND MARK ANDERSON**, individually and on behalf of others similarly situated,<br><br>**Plaintiffs,**<br><br>v.<br><br>**MIDLAND CREDIT MANAGEMENT, INC., and SCHREIBER/COHEN, LLC,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiffs bring suit on behalf of themselves and classes of persons similarly situated to obtain redress for Defendants' filing and prosecution of time-barred lawsuits to collect consumer debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

## Parties

1. Plaintiff Jackeline Barbosa ("Ms. Barbosa") is an individual who resides in Boston, Massachusetts.

2. Plaintiff Mark Anderson ("Mr. Anderson") is an individual who resides in Boston, Massachusetts.

3. Defendant Midland Credit Management, Inc. ("MCM") is a corporation organized under the laws of the State of Kansas that maintains its principal place of business at 311 Camino Del Rio N, Suite 103, San Diego, California.

4.  Defendant Schreiber/Cohen, LLC ("Schreiber/Cohen") is an Indiana professional corporation that maintains its principal place of business at 53 Stiles Rd., Suite A102, Salem, New Hampshire.

## Statement of Facts

### A.   Facts pertaining to Midland Credit Management

5.  At all times relevant to this complaint, Midland Funding LLC ("Midland Funding") has been in the business of acquiring charged-off consumer debts originated by other entities.

6.  A debt is "charged-off" by a creditor when it has been deemed uncollectable and, as such, it is written off as a loss.  Under federal law, consumer accounts that are not subject to a repayment plan must be charged off when 180 days past-due.

7.  At all times relevant to this complaint, MCM has been Midland Funding's servicer and agent with respect to collecting charged-off consumer debts acquired by Midland Funding.

8.  MCM is a "debt collector" as defined in the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a, and as defined by Massachusetts law, because: (a) it uses the mails, telephone lines, and other instrumentalities of interstate commerce to collect and to attempt to collect consumer debts, and its principal business purpose is consumer debt collection; and also (b) it regularly collects and attempts to collect, directly or indirectly, consumer debts due or owed or asserted to be due or owed to another, i.e., Midland Funding.

9.  In its role as servicer for Midland Funding accounts, MCM authorizes lawsuits to be brought against consumers in the name of Midland Funding.

10. MCM retained Defendant Schreiber/Cohen to file lawsuits on Midland Funding's behalf against Plaintiffs and other Massachusetts consumers.

**B.   Facts pertaining to Schreiber/Cohen**

11. At all times relevant to this complaint, Schreiber/Cohen has been a "debt collector" as
   defined by the FDCPA because it regularly collected and attempted to collect, directly and
   indirectly, consumer debts due or owed or asserted to be due or owed another.  15 U.S.C. §
   1692a.

12. Schreiber/Cohen's collection activities have included regularly calling consumer debtors,
   regularly writing to consumer debtors, and regularly filing and prosecuting collection
   lawsuits and post-judgment enforcement proceedings against consumer debtors.

13. Many of Schreiber/Cohen's regular collection activities were conducted on behalf of
   Midland Funding and MCM.

**C.   Facts pertaining to Plaintiffs**

   **(i) Jackeline Barbosa**

14. Plaintiff Jackeline Barbosa is a single mother of a six-year-old daughter who works as a
   nurse.

15. On or about October 10, 2017, Schreiber/Cohen filed a lawsuit against Ms. Barbosa on
   behalf of Midland Funding seeking judgment on a charged-off consumer credit card account.
   According to the complaint, Midland Funding had purportedly acquired the account from
   Barclays Bank Delaware ("Barclays").  The lawsuit was brought in the Small Claims
   Sessions of the Roxbury Division of the Boston Municipal Court.

16. Upon information and belief, Midland Funding's lawsuit against Ms. Barbosa was initiated at
   the direction of MCM, was approved by MCM, and/or was ratified by MCM.

17. The alleged credit card agreement between Ms. Barbosa and Barclays, which Barclays drafted, specified that the agreement and Ms. Barbosa's account would be governed by Delaware law.

18. The Delaware Statute of Limitations for suing on credit cards is three (3) years from the accrual of a cause of action, which for breach of a credit card agreement would be the date of nonpayment.  The lawsuit brought against Ms. Barbosa was filed more than three (3) years after the cause of action accrued.

19. At all relevant times, Barclays was incorporated under the laws of the Delaware.

20. At all relevant times, Barclays maintained its principal (and only) place of business in Delaware.

21. When Ms. Barbosa received the Statement of Small Claim and Notice of Trial, she immediately felt extreme anxiety.  She thought about the court case every day and worried about what the financial burden on her family might be.

22. Ms. Barbosa experienced insomnia due to her anxiety regarding the case.  Because of her stress and lack of sleep, Ms. Barbosa developed abdominal pain and suffered periodic tension headaches.

23. On April 18, 2018, Ms. Barbosa had to take a day off from work to attend the trial.  As a per diem employee, she lost a day of wages, totaling approximately $265.

24. Ms. Barbosa also incurred expenses for gas and parking when she drove to the Boston Municipal Court to attend the trial.

25. Ms. Barbosa had not retained legal counsel to represent her at trial, as she could not afford to pay legal fees.

26.  Upon arriving at the courthouse on the trial date, Ms. Barbosa was able to retain free limited assistance representation legal counsel from Greater Boston Legal Services ("GBLS"). GBLS represented Ms. Barbosa at her trial.

27. On April 19, 2018, the Boston Municipal Court issued judgment in favor of Ms. Barbosa, holding that Midland Funding had failed to prove that it owned the subject debt.

   **(ii) Mark Anderson**

28. Mark Anderson is a fifty year-old man employed in the restaurant industry.

29. MCM placed for collection with Schreiber/Cohen a charged-off consumer credit card account in Mr. Anderson's name that Midland Funding had purportedly acquired from Barclays Bank Delaware.

30. On or about March 23, 2018, Schreiber/Cohen filed a lawsuit against Mr. Anderson on behalf of Midland Funding seeking judgment on the aforesaid Barclays account.  The lawsuit was brought in the Roxbury Division of the Boston Municipal Court.  A hearing in this case was scheduled for July 18, 2018.

31. Upon information and belief, Midland Funding's lawsuit against Mr. Anderson was initiated at the direction of MCM, was approved by MCM, and/or was ratified by MCM.

32. The Statement of Small Claim and Notice of Trial filed by Schreiber/Cohen on Midland Funding's behalf asserted that the date of the last payment on the account was December 15, 2014, over three years and three months before the filing of the lawsuit.

33.  The alleged credit card agreement between Mr. Anderson and Barclays specified that the agreement and the account would be governed by Delaware law.

34. At all relevant times, Barclays was incorporated under the laws of the Delaware.

35. At all relevant times, Barclays maintained its principal (and only) place of business in Delaware.

36. The Delaware Statute of Limitations for suing on credit cards is three (3) years from the accrual of a cause of action, which for breach of a credit card agreement would be the date of nonpayment.  The lawsuit brought against Mr. Anderson was filed more than three (3) years after the cause of action accrued.

37. Upon being served with notice of the lawsuit, Mr. Anderson began to experience anxiety and depression.  He often worried about his pending debt collection case and the stress it put on his financial situation.

38.  The stress that Mr. Anderson experienced was such that he began to suffer from frequent headaches and bouts of insomnia.  He was frequently unable to fall asleep until three or four in the morning, which was abnormal for him.

39. Mr. Anderson missed a shift of work to attend the July 18, 2018 court hearing and was not paid for that day of missed work.

40. On July 19, 2018, the Court entered a judgment in Mr. Anderson's favor.

**D.  Facts and legal principles pertaining to Defendants' conduct**

41. A cause of action for breach of a credit card agreement accrues upon nonpayment.

42. A breach of a credit card agreement due to nonpayment occurs at the location where the creditor suffers economic loss.

43. Under Massachusetts choice of law principles, the statute of limitations provided by Delaware law applied to Midland Funding's claims against Plaintiffs because the parties agreed that Delaware law governed their contract, the alleged breach occurred in Delaware, and Delaware has a substantial relationship to the parties and the transaction.  Alternatively,

the Delaware limitations period governs because Delaware has a more significant

relationship to the parties to the contract and the occurrence than does Massachusetts, and

allowing the claim to proceed would not serve any substantial Massachusetts interest.

44. Under Delaware law, the statute of limitations for breach of a credit contract is three years.

Del. Code Ann., Tit. 10, § 8106.

45. Midland Funding's lawsuits against Plaintiffs were filed more than three years after the

causes of action against Plaintiffs accrued.

46. Midland Funding's collection suits were required to be filed within the same time period as

any suit by the original creditor, Barclays, because, as the putative assignee, Midland

Funding cannot stand in better shoes than its assignor.

47. Midland Funding's lawsuits against Plaintiffs were time-barred.

48. MCM is Midland Funding's servicer and agent with respect to collecting charged-off consumer

debts acquired by Midland Funding and in its role as servicer for Midland Funding accounts,

MCM authorized lawsuits to be brought against Ms. Barbosa and Mr. Anderson and other

similarly situated consumers in the name of Midland Funding.

### E.   Class Allegations

49.  Plaintiffs bring this action against MCM on behalf of themselves and all others similarly

situated as follows.  The "MCM Class" consists of all Massachusetts residents who, according

to public records and Defendants' records, were sued by Midland Funding in a Massachusetts

court on or after the date which was one (1) year prior to the commencement of this action and

where: (a) the lawsuit was predicated on an alleged debt originated by an entity that resided in

and sustained economic impact from the alleged failure to pay in Delaware; (b) the account

agreement specified that it was governed by Delaware law or did not contain a choice-of-law

provision; (c) the alleged debt was incurred primarily for personal, family or household

purposes, and (d) the lawsuit was filed more than 2.5 years after the account sued on had been

charged-off, provided that no payment was made on the account after the charge-off date.

Excluded from this class are current and former officers, directors, employees, and agents of

MCM and its subsidiaries, parents, and affiliates, and persons who have released MCM from

the claims asserted.

50. Plaintiffs Barbosa and Anderson also bring this action against Schreiber/Cohen on behalf of

themselves and a sub-class consisting of members of the MCM classes where Schreiber/Cohen

was attorney of record on the complaint initiating the collection lawsuit.  Excluded from this

sub-class are current and former officers, directors, employees, and agents of

Schreiber/Cohen and persons who have released Schreiber/Cohen from the claims asserted.

51. The class and sub-class are each sufficiently numerous such that joinder would be

impracticable.  On information and belief, within the relevant time periods Defendants filed

hundreds, if not thousands, of time-barred collection suits based on consumer debts in

Massachusetts courts.

52. All of the criteria for class certification under Fed. R. Civ. P. 23 are satisfied:

    a.  The classes are so numerous that joinder of all members is impracticable.  On

       information and belief, within the relevant time periods Defendants have filed hundreds,

       if not thousands, of time-barred collection suits based on consumer debts against

       Massachusetts residents.

    b.  There are questions of law and fact common to the class that predominate over any

       questions affecting only individual class members.  These common questions include

       whether Defendants are debt collectors under the FDCPA; whether the statute of

limitations that applies to Defendants' lawsuits is that of Massachusetts or Delaware; whether the collection lawsuits at issue were time-barred; whether the collection lawsuits violated the FDCPA; and whether class members are entitled to recover damages (and other appropriate relief) due to Defendants' violations of their rights. All of these issues are based on the same facts and legal theories for the class. The only individual issue is the specific relief to be awarded each class member, a matter that is capable of resolution through a ministerial review of Defendants' records.

c. Plaintiffs' claims are typical of the class members' claims in that they were sued by Defendants in Massachusetts courts on alleged consumer debts originated by a Delaware-based creditor where the account agreement provided for the application of Delaware law (or did not contain a choice of law provision) and the debts were charged-off more than 2.5 years before the lawsuits were filed.

d. Plaintiffs will fairly and adequately represent the class members' interests. All claims are based on the same fact pattern and legal theories and Plaintiffs' interests are consistent with the interests of the class. Moreover, Plaintiffs have retained counsel experienced in consumer class actions and FDCPA litigation.

e. A class action is superior for the fair and efficient adjudication of the claims. Class members are generally unsophisticated individuals who are unaware of the protections provided by the FDCPA, and whose damages are not substantial enough to make individual litigation cost-effective. Therefore, most class members' rights will not be vindicated in the absence of a class action. In addition, prosecution of separate actions by individual class members would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the

parties and would not be in the interest of judicial economy.  Finally, there are no

unusual or extraordinary case management issues inherent in this litigation.

## COUNT I: Violations of the FDCPA

53. Plaintiffs repeat and reallege all preceding allegations as if fully set forth herein.

54. Barbosa and Anderson are each "consumers" as defined by 15 U.S.C. § 1692a(3) because

he/she is an individual and was alleged to owe a consumer debt.

55. MCM is a "debt collector" under 15 U.S.C. § 1692a(6) because it is engaged in a business

the principal purpose of which is consumer debt collection and because it regularly collects

and attempts to collect, directly and indirectly, consumer debts due or owed or asserted to be

due or owed another.

56. Schreiber/Cohen is a "debt collector" under 15 U.S.C. § 1692a(6) because it regularly

collects and attempts to collect, directly and indirectly, consumer debts due or owed or

asserted to be due or owed another.

57. Defendants MCM and Schreiber/Cohen violated the following provisions of the FDCPA: (i)

§ 1692e, by misrepresenting that collection of the alleged debt through judicial means was

not time-barred, thereby using false, deceptive, or misleading representations or means in

connection with the collection of the alleged debt; (ii) § 1692e(2)(A), by misrepresenting the

legal status of debts; (iii) § 1692e(5), by threatening to take and taking actions to attempt to

collect debts that could not legally be taken; and (v) § 1692f, by using unfair and

unconscionable means to attempt to collect debts.

58. As a direct and proximate result of said Defendants' violations of the FDCPA, Ms. Barbosa

suffered harm by being subjected to a lawsuit that Defendants had no right to file in the first

place, and sustained further injury by suffering anxiety and embarrassment, missing time

10

from work and losing a day's pay in order to address and defend the lawsuit, and incurring

expenses.

59. As a direct and proximate result of Defendants' violations of the FDCPA, Mr. Anderson

suffered harm by being subjected to a lawsuit that Defendants had no right to file in the first

place, by experiencing severe distress and anxiety and physical ailments resulting from same,

and by losing wages in order to attend court.

WHEREFORE, Plaintiffs Barbosa and Anderson pray that this Honorable Court enter

judgment:

(a)   Awarding them and class members actual damages against MCM and, as to the

Schreiber/Cohen subclass, awarding said damages against Schreiber/Cohen and

MCM, jointly and severally;

(b)   Awarding them and class members statutory damages;

(c)   Awarding interest, costs, and reasonable attorney's fees;

(d)   Awarding such further relief as shall be just and proper.

(e)   Ordering Defendants to forthwith take all necessary steps to have dismissed all time-

barred lawsuits pending against class members in Massachusetts courts;

(f)   Ordering Defendants to forthwith take all necessary steps to have dismissed all

Massachusetts collection proceedings pending against class members that are based

on judgments obtained in time-barred lawsuits;

(g)   Ordering Defendants to forthwith take all necessary steps to update reports to credit

reporting agencies to reflect that the debts of class members are time-barred;

(h)   Enjoining Defendants from filing consumer debt collection lawsuits in

Massachusetts courts on alleged debt originated by a bank headquartered in

Delaware that are time-barred under Delaware law;

(i)   Awarding interest, costs, and reasonable attorney's fees; and

(j)   Awarding such further relief as shall be just and proper.

**TRIAL BY JURY IS DEMANDED**

Date: September 21, 2018

Respectfully submitted,
Plaintiffs

By their attorneys,

/s/ Alexa Rosenbloom
Alexa Rosenbloom (BBO #679018)
Nadine Cohen (BBO # 090040)
Matthew Brooks (BBO # 693322)
Jade Brown (BBO# 697119)
Greater Boston Legal Services
197 Friend Street
Boston, MA 02114
(617) 603-1542
ARosenbloom@gbls.org

/s/ Charles M. Delbaum
Charles M. Delbaum (BBO# 543225)
NATIONAL CONSUMER LAW CENTER
7 Winthrop Square, 4th Floor
Boston, MA 02110
(617) 542-8010
cdelbaum@nclc.org

/s/ Kenneth D. Quat
Kenneth D. Quat (BBO #408640)
QUAT LAW OFFICES
929 Worcester Rd.
Framingham MA 01701
508-872-1261
ken@quatlaw.com